LANSTON MONOTYPE MACHINE CO. v. MERGANTHALER LINO-
TYPE CO. et al.

(Circuit Court of Appeals, Second Circuit. March 26, 1907.)

No. 197.

1. LIBEL—SPECIAL DAMAGES—PLEADING.

Where a count for libel did not contain any averment of special damages, defamatory statements alleged respecting the quality and value of plaintiff's machines were insufficient to constitute a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 248.]

**2. SAME—SPECIAL DAMAGES.**

Where, in an action for libel alleged to consist of a statement made to the President concerning the purchase of plaintiff's typesetting machines by the public printer, the only averment of special damages, in a count setting out defamatory statements respecting the quality and value of plaintiff's machines, consisted of expenses incurred by plaintiff in appearing at a hearing before a commission appointed by the President to investigate the matters charged by defendant against the public printer, which expenses plaintiff was under no obligation to incur, such damages were insufficient to sustain the action under such count.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 147 Fed. 871.

A. H. Joline, Adrian H. Larkin, George E. Hargrave, and Joline, Larkin & Rathbone, for plaintiff in error.

W. M. K. Olcott and Olcott, Gruber, Bonynge & McManus, for defendants in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. We agree with the court below that the alleged libelous matter set forth in the first cause of action in the complaint does not charge the corporation plaintiff with any corrupt, dishonest, or dishonorable business conduct, and is exclusively an attack upon the public printer of the United States concerning his administration of the government printing office. As this count does not contain any averment of special damages, the defamatory statements respecting the quality or value of the plaintiff's machines do not constitute a sufficient cause of action. Inasmuch as the same defamatory statements are set forth in the second cause of action, together with an averment of special damages, a sufficient cause of action would be stated, were it not that the special damages are alleged to consist only in the expenses incurred by the plaintiff in appearing at a hearing before a commission, which was appointed by the President to investigate the matters charged against the public printer. If it should be conceded that the investigation by the commission followed as a direct and ordinary consequence of the attack against the public printer, the special damages stated were not incurred as a direct or necessary consequence thereof. The plaintiff was under no legal obligation to employ counsel and stenographers, or incur any other expense, in defending the public printer before the commission.

The demurrer was properly sustained by the court below, and the judgment is affirmed.